UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON BRICE, BRAD BRICE,
and RAMONA BRICE,

    Plaintiffs,

vs.

MICHAEL MACGUINNESS and
VAN BUREN PUBLIC SCHOOLS,

    Defendants.
_____/

Civil No.
04-CV-73944

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING DEFENDANT MACGUINNESS'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is presently before the Court on Defendant's Motion for Partial Summary Judgment, which was filed on June 3, 2005. The Court has now had an opportunity to review the matter. Plaintiff has not filed a response to Defendant's motion. Pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court will rule on the motion without oral argument.[1] The Court shall grant Defendant's Motion for Partial Summary Judgment as to Count 4, which includes Plaintiff's Amended More Definite Statement.[2]

---

[1] On August 19, 2005, the Court issued an order adjourning the motion hearing on this issue.

[2] On April 21, 2005, this Court ordered Plaintiff to file a more definite statement as to Count VI of his Second Amended Complaint. That count pertained to alleged constitutional torts committed by Defendants. On May 9, 2005, Plaintiff filed his Amended More Definite Statement. In essence, the Amended More Definite Statement serves as Plaintiff's third amended complaint.

## I. THE MICHIGAN GOVERNMENTAL IMMUNITY STATUTE—MCL 691.1407; MSA 3.996(107)

Under the Michigan Compiled Laws ("MCL"), governmental employees have immunity against tort liability. As stated in MCL § 691.1407:

> (2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service . . . if all of the following are met:
> (a) The officer, employee . . . is acting or reasonably believes he or she is acting within the scope of his or her authority.
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
> (c) The officer's, employee's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage.[3]

MCL § 691.1407(2) (2005).

Here, in Count IV of his Amended More Definite Statement, Plaintiff alleges a breach of MCL § 391.1407(2), MSA 3.996(107). (Pl.'s Am. More Definite Statement ¶¶ 90-91.) However, it seems that Plaintiff has misinterpreted the statute as providing a separate cause of action against Defendants. The Michigan Governmental Immunity Statute presents the criteria that a governmental employee must satisfy in order to be protected by immunity. The statute, though, does not provide a separate cause of action under which Plaintiff may bring additional claims. In his Amended More Definite Statement, Plaintiff has already asserted claims for gross negligence, negligence, and intentional acts in other counts of his complaint. (Id. at ¶¶ 79-89.) Plaintiff cannot somehow reassert these as additional claims under the Michigan Governmental

---

[3]The statute further defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL § 691.1407(7)(a).

Immunity Statute.

## II.   THE REVISED SCHOOL CODE—MCL 380.10, *et seq.*

The Revised School Code states: "It is the natural, fundamental right of parents and legal guardians to determine and direct the care, teaching, and education of their children. The public schools of this state serve the needs of the pupils by cooperating with the pupil's parents and legal guardians to develop the pupil's intellectual capabilities and vocational skills in a safe and positive environment." MCL § 380.10 (2005).

Here, in Count IV of its Amended More Definite Statement, Plaintiff alleges a breach of MCL § 380.10, *et seq.* (Pl.'s Am. More Definite Statement ¶¶ 90 and 92.). However, Plaintiff seems to have similarly misinterpreted the statute as providing a separate cause of action against Defendants. Likewise, Plaintiff cannot bring an additional claim under Section 380.10 of the Revised School Code.

## III.   CONCLUSION

For the reasons stated above, Plaintiff is entitled to judgment as a matter of law, pursuant to Fed. R. Civ. P. 56(c). Accordingly,

IT IS ORDERED that Defendant's Motion for Partial Summary Judgment is granted.

IT IS FURTHER ORDERED that Count IV of Plaintiff's Amended More Definite Statement is dismissed with prejudice.

04CV73944

_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: 1-9-06
Detroit, Michigan

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

_____
Patricia Foster Hommel
Secretary to Chief Judge Friedman